IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES H. WRIGHT | : CIVIL ACTION |
|  | : |
| v. | : |
|  | : |
|  | : NO. 02-CV-3014 |
| COMMONWEALTH OF | : |
| PENNSYLVANIA, DEPARTMENT OF | : |
| CORRECTIONS, | : |
| SCI-GRATERFORD | : |

ORDER-MEMORANDUM

AND NOW, this 14th day of November, 2002, plaintiff James H. Wright's motion for partial judgment on the pleadings is granted, Fed. R. Civ. P. 12(c), [1] and affirmative defense 11 to the amended complaint pleaded by defendant Commonwealth of Pennsylvania, Department of Corrections, SCI-Graterford is dismissed. Jurisdiction is federal question, 28 U.S.C. § 1331.

On January 9, 2001, plaintiff, a lieutenant employed by the Pennsylvania Department of Corrections, filed a charge with the Equal Employment Opportunity Commission against defendant, citing racial discrimination together with retaliation for filing a race and religion EEOC charge in 1998. On November 21, 2001, the EEOC issued

---

[1] After pleadings are closed, a party may move for judgment on the pleadings; all factual assertions are taken as true; all reasonable inferences are drawn in favor of the non-moving party; and the moving party must establish that there are no material facts in dispute and that judgment should be entered as a matter of law. Wolf v. Ashcroft, 297 F. 3d. 305 (3d. Cir. 2002); U.S. Fidelity and Guar. Co. v. Tierney Associates, Inc., 213 F.Supp.2d 468 (M.D.Pa. 2002).

a determination that defendant had retaliated against plaintiff in violation of Title VII of the Civil Rights Act of 1964. [2]  42 U.S.C § 2000e, *et seq*.

The EEOC recommended reconciliation.  While settlement discussions were taking place, plaintiff was demoted to Corrections Officer I.  On January 28, 2002, he was discharged.  On March 4, 2002, EEOC issued him a right to sue notice.

On May 21, 2002, plaintiff filed a complaint and on June 28, 2002, an amended complaint including an allegation that his January 2002 termination was retaliatory.  Defendant's answer includes an affirmative defense that plaintiff has failed to exhaust administrative remedies with respect to the January termination. [3]   Answer, affirmative defense 11.

The relevant test in determining whether appellant is required to exhaust administrative remedies is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation from which it arose.  Robinson v. Dalton, 107 F.3d 1018, 1025 (3d. Cir. 1997) *citing* Waiters v. Parsons, 729 F.2d 233, 235 (3d. Cir. 1984).  "The  parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the Commission." Id. at 1025-1026 *quoting* Ostapowicz v. Johnson Bronze, Co.,  541 F. 2d 394, 398-399 (3d. Cir. 1976).

---

[2]  The EEOC found insufficient evidence to support the charge of racial discrimination.  EEOC 11/20/01 Determination Letter at 2.

[3]  Affirmative defense 11 - failure to exhaust administrative remedies - does not specify the allegations at which it is aimed. Plaintiff's motion asserts that the claims alleging retaliation include demotion, denial of sick and disability leave, violation of the Family and Medical Leave Act and termination.  Defendant's response relates only to termination, suggesting that there is no opposition to the other claims.  Defendant's Memorandum of Law in Opposition at 3.  However, the amended complaint does not specifically allege a violation of the Family and Medical Leave Act.  29 U.S.C. § 2601 *et seq*.

Plaintiff's EEOC charge alleged that his employer racially discriminated against him and adversely affected his employment in retaliation for filing an EEOC charge. His termination in January 2002 is but another alleged retaliatory act that occurred during the EEOC reconciliation period.

Exhaustion of administrative remedies is required where the character of the alleged subsequent discriminatory act differs from the basis for the existing lawsuit. *See* Antol v. Perry, 82 F.3d 1291 (3d. Cir. 1996) (gender discrimination claim not allowed where original administrative claim was disability discrimination); Porchia v. Cohen, 1999 WL 357352, *7 (E.D.Pa. Jun 04, 1999) (retaliation claim impermissible where EEOC investigation was limited to sexual assault and harassment). "Where discriminatory actions continue after the filing of an EEOC complaint . . . the purposes of the statutory scheme are not furthered by requiring the victim to file additional EEOC complaints and re-starting the 180 day waiting period." Waiters at 237.

Here, the termination is "fairly encompassed" within the EEOC charge. Ackah v. Hershey Foods Corp., 2002 U.S. Dist. LEXIS 21106 *11 (M.D. Pa. 2002) *citing* Antol, 82 F. 3d at 1296. Accordingly, further exhaustion as to this retaliation claim is not necessary.

                                                          _____
                                                          Edmund V. Ludwig, J.